No. 40,122

In the Matter of the Estate of David S. Jones, Deceased. Ruth Elizabeth Jones, *Appellant*, v. James D. Jones and Barbara Ruth Jones Komiske, *Appellees*.

(298 P. 2d 230)

Opinion filed June 9, 1956.

*Morris H. Cundiff*, of Wichita, argued the cause, and *Dale M. Bryant, Garner E. Shriver, Glenn J. Shanahan* and *Orlin L. Wagner*, all of Wichita, were with him on the briefs for the appellant.

*W. D. Jochems*, of Wichita, argued the cause, and *Stanley E. Wisdom*, of Wichita, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Price, J.: This appeal arises out of the administration of a decedent's estate, and the underlying question is concerned with a widow's election.

David S. Jones, a resident of Wichita, died on August 25, 1950, leaving as his heirs-at-law his widow, Ruth, and two grandchildren, James and Barbara, they being children of a prior deceased son.

He left a last will and testament which bequeathed and devised his entire estate to his widow, and she was designated as executrix thereof to serve without bond. She did not consent during his lifetime to the provisions of the will.

On August 31, 1950, the widow filed a petition for the probate of the will and for her appointment as executrix.

On September 29, 1950, the will was admitted to probate and she was appointed executrix. On October 3, 1950, she filed her oath and letters testamentary were duly issued to her. On October 5, 1950, she signed and acknowledged her "election to take under will". She contends that this election was filed on that date,

whereas the grandchildren contend that it was not in fact filed until August 29, 1951.

On October 7, 1950, she first published her notice of appointment as executrix.

On January 17, 1951, she filed a petition for additional time in which to file an inventory of the estate, and on the same date the probate court granted an extension of six months.

On January 26, 1951, she filed a petition for an order transferring to her the title of her deceased husband's automobile. This petition was allowed on the same date.

On September 5, 1951, the original inventory and appraisement was filed, and on September 24, 1951, upon application of the appraisers and order of the court, the inventory and appraisement was amended.

On August 24, 1953, a supplemental inventory was filed.

At no time subsequent to the filing of the inventory and appraisement, or the amendment and supplement thereto, did the widow make application to set aside her election to take under the will.

On November 2, 1953, the grandchildren filed a petition to set aside the widow's election on the ground that it was not filed within six months after the will was admitted to probate. Following a hearing thereon, the probate court found that her election, which was dated and subscribed to on October 5, 1950, was not filed on that date and was in fact not filed within six months from the date the will was admitted to probate, and ordered such election set aside and that the grandchildren, as heirs-at-law of decedent, were each entitled to an undivided one-fourth interest in the estate.

The widow appealed to the district court, and after a hearing thereon that court upheld the decision of the probate court and specifically found that her purported election to take under the will, dated October 5, 1950, was not filed within six months following the probate of the will, and that no other election in writing to take under the will was filed by her within such six-months period. Judgment was rendered to the effect that the estate should be distributed under the laws of intestate succession—in other words, one-half to the widow, together with statutory allowances, and one-fourth to each of the grandchildren.

From this judgment the widow has appealed to this court.

The statutes involved are as follow:

G. S. 1949, 59-603, reads:

"The surviving spouse, who shall not have consented in the lifetime of the testator to the testator's will as provided by law, may make an election whether he will take under the will or take what he is entitled to by the laws of intestate succession; but he shall not be entitled to both. If the survivor fails to consent or to make an election, he shall take by the laws of intestate succession."

G. S. 1949, 59-2233, reads:

"When a will is admitted to probate the court shall forthwith transmit to the surviving spouse a certified copy thereof. If such spouse has not consented to the will, as provided by law, such spouse shall be deemed to have renounced and refused to elect to take under the will unless he shall have filed in the probate court an instrument in writing to accept the provisions of such will within six months after probate of the will. If the said spouse files an election before the appraisement of the estate is filed, the said election shall be set aside upon application of the spouse made within thirty days after the filing of the appraisement. For good cause shown, the court may permit an election within such further time as the court may determine, if an application therefor is made within said period of six months."

In passing, it should be mentioned that in 1951 the legislature amended each of the above statutes, and, as amended, they now appear as G. S. 1955 Supp., 59-603 and 59-2233. The parties concede, however, that we are concerned only with the sections as they appear in G. S. 1949, above quoted.

On the question as to when the widow's election to take under the will was actually filed in the probate court, the record before us contains numerous exhibits and copies of probate court records, together with the testimony of a long-time probate court employee and other witnesses. No useful purpose would be served by detailing the evidence in this opinion. It has been examined and it is sufficient to say that the trial court's finding that no election was filed within six months from the date of probate of the will is fully supported. In fact, it appears to have been filed on August 29, 1951, eleven months after the probate of the will.

This fact having been established, the matter therefore narrows down to the question whether the widow is entitled to take the entire estate, as the will provides, or whether it is to be distributed under the laws of intestate succession, as decreed by the trial court.

Despite the fact the two statutes in question are plain and unambiguous and fully warrant the trial court's judgment, the widow makes several contentions which will be noted.

It is urged that records of courts are presumed to be correct; that there was evidence tending to establish that the election in question

was filed on October 5, 1950, and that clear and convincing proof is required to overthrow the presumption of correctness of public records. Conceding the rule as stated to be correct, the trouble with this argument is that on this question of fact the trial court found against the widow on evidence which was most clear and convincing. In fact, she stood on her demurrer to the evidence of the grandchildren and offered nothing in support of her contention that the election was filed within the six-months period.

Next, it is argued that the statutes relating to the filing of an election were enacted for the benefit of a widow and that substantial compliance with their provisions is sufficient. Conceding that the statutes were enacted for the purpose as stated, the fact remains that 59-2233 requires that such election consist of an instrument in writing to accept the provisions of a will and that it be filed within six months after the probate thereof. The trial court found that no such instrument in writing was filed within the required period.

It is contended that from the very fact the widow petitioned for probate of the will, that she accepted the appointment therein contained as executrix, and proceeded to administer the estate in accordance with the provisions of the will which left everything to her, conclusively establishes that she sufficiently elected to accept the will as written. One trouble with this argument is, as heretofore stated, the statute requires that an election consist of an instrument in writing rather than circumstances from which an election to accept can be inferred. She also makes a point of the fact that on January 26, 1951, within the six-months period, she filed her petition for an order transferring to her the title to her deceased husband's automobile, and argues that as it was included among decedent's property, all of which was bequeathed and devised to her, she thus recognized the will and accepted its provisions. In so contending she overlooks the fact that under G. S. 1949, 59-403, she was entitled to the automobile as a part of her widow's allowance, irrespective of the terms of the will.

It is next contended that even though the election was not filed until August 29, 1951, it still was within time inasmuch as the inventory was not filed until September 5, 1951; that an election is not required prior to the filing of an inventory, and that inasmuch as she did not file an application to set aside such election within thirty days after the inventory and appraisement was filed, her election, even though not filed until August 29, 1951, still stands.

The fallacy of this argument lies in the fact the language of the statute (59-2233) pertaining to the inventory and appraisement does not in any manner extend the time in which an election must be filed. It simply relates to a situation where, if an election is filed within the six-months period, as the statute plainly requires, and the appraisement is filed at a later date, then a spouse has a right to have the election set aside if application to do so is made within thirty days after the appraisement is filed. The purpose of such provision is obvious, that is, after the appraisement is filed, a surviving spouse is given the opportunity to be relieved of an election theretofore made, but the statute still requires that the election be made within six months from the date of probate of the will, irrespective of when the inventory and appraisement is filed. In passing, it also should be stated that no application was made during the six-months period for an extension of time in which to file an election.

It also is argued that under the doctrine of implied election, the widow, by her conduct in the administration of the estate, should be deemed to have made a sufficient election. As has already been stated, the statute in question requires that an election to accept the provisions of a will consist of an instrument in writing. It is true the statute does not specify any particular form, but it is certain that such written instrument must state clearly the fact that the spouse accepts the provisions of the will. Here no such written instrument was filed within the six-months period, and her conduct in administering the estate did not supply the deficiency.

And finally, it is contended that where, as here, a will leaves the entire estate to a surviving spouse it is presumed that such spouse desires to accept the provisions of the will and that no election is required. In other words, the widow, in effect, asks this court to hold that each of the two statutes in question contains an additional provision to the effect that no language in it shall be construed to apply to a will which leaves the entire estate of a deceased to the surviving spouse, and that in such event no consent or election to take under the will is required. This we cannot do. It has been held many times that courts should not judicially legislate so as to broaden the plain and unambiguous wording of a statute. Where language is clear and unambiguous no room is left for judicial interpretation. Neither of the statutes in question contains any provision exempting a will which leaves the entire estate to a sur-

viving spouse. It may be that by the amendments made in 1951 the legislature had in mind such a situation as is here presented, but we must take the former statutes as we find them.

Under the statutes then existing (G. S. 1949, 59-603 and 59-2233) the widow, not having consented during her husband's lifetime to his will, and not having filed a written election to accept the provisions of the will within six months from the date of probate thereof, inherited under the laws of intestate succession. The judgment of the trial court was correct and is affirmed.