No. 49,872

R. D. ANDERSEN CONSTRUCTION CO., INC., a Kansas Corporation, *Plaintiff,* v. W. KEITH WELTMER, Secretary of Administration for the State of Kansas; CARL OSSMANN, Director of Architectural Services for the State of Kansas; CURT T. SCHNEIDER, Attorney General for the State of Kansas, *Defendants*

Opinion filed April 6, 1978.

*Stewart L. Entz,* of Colmery, McClure, Funk, Letourneau & Entz, of Topeka, argued the cause and was on the brief for the plaintiff.

*John R. Martin,* first assistant attorney general, argued the cause and *Curt T. Schneider,* attorney general, was with him on the brief for the defendants.

*Elwaine F. Pomeroy,* of Pomeroy & Pomeroy, of Topeka, was on the brief *amici curiae* for Douglas Construction Co., Inc.; Frisbie Bridge Co., Inc.; M. W. Watson, Inc.; Dahlstrom & Ferrill Construction Co., Inc.; Casson Construction Co., Inc.; and B. A. Green Construction Co., Inc., Kansas corporations.

*Stanley L. Basler,* of Blake & Uhlig, of Kansas City, was on the brief *amicus curiae* for Kansas Building and Construction Trades Council.

The opinion of the court was delivered by

MCFARLAND, J.: This is an original action seeking a writ of mandamus to compel the opening of sealed bids which have been submitted for the construction of the Honey Bee Lodge and Hospital Care Facility at the Kansas Neurological Institute, a state owned and operated institution.

The specifications incorporated the provisions of K.S.A. 44-201 which require the contractor to pay its employees the "current rate of per diem wages," as defined therein. Specific wage rates were not included in the specifications. The plaintiff and others submitted bids based on these specifications. Prior to the opening of the bids, the Attorney General advised the Director of Architectural Services and the Secretary of Administration that the specification requiring contractors to pay the "current rate of per diem wages" was not in compliance with K.S.A. 44-201 as the statute required the inclusion in the specifications of a detailed statement of the precise prevailing wage for each classification of workmen whose services would be required in the construction of the Honey Bee Lodge. The Attorney General further advised that the opening of the sealed bids should be deferred until the wage rates were determined, an appropriate addendum added to the specifications, and bidders afforded an opportunity to submit amended bids. The Director of Architectural Services subse-

quently returned the unopened bids. The plaintiff brings this action to compel the opening of the bids.

The plaintiff challenges both the constitutionality of K.S.A. 44-201 and the interpretation of the statute by the Attorney General which requires the inclusion of specific wage rates in the specifications.

Hearing of this matter has been expedited by a preferential setting for argument upon joinder of the issues and stipulation of the facts. The case has been briefed by the parties and *amici curiae* and was orally argued on March 28, 1978.

Upon due consideration by a unanimous court, we conclude that: (1) K.S.A. 44-201 is a constitutionally valid enactment of the legislature; (2) the requirement in the specification that the contractor pay the "current rate of per diem wages" without enumerating specific wage rates was a correct application of the statute; (3) the interpretation by the Attorney General that K.S.A. 44-201 requires the inclusion of specific wage rates in bid specifications is erroneous; and (4) a writ of mandamus should be issued. Defendant Director of Architectural Services is ordered to proceed forthwith with the bidding process on the Honey Bee Lodge and Hospital Care Facility in accordance with conclusions reached herein. This brief opinion announcing our decision will be augmented by a forthcoming formal opinion to be filed.