611 F.2d 312
 24 Wage & Hour Cas. (BN 509, 87 Lab.Cas. P 33,871,
27 Cont.Cas.Fed. (CCH) 80,056
 WOODSIDE VILLAGE, a Limited Partnership, and J. L. Johnston
General Partner, Plaintiffs-Appellees,
v.
SECRETARY OF UNITED STATES DEPARTMENT OF LABOR, Secretary of
United States Department of Housing and Urban
Development, Defendants-Appellants,
v.
KASSLER/WEST MORTGAGE CO., INC. (now known as Kassler &
Co.), and Seattle First National Bank, Defendants.
 No. 77-3724.
 United States Court of Appeals,
Ninth Circuit.
 Jan. 4, 1980.
 
 Barbara L. Herwig, Dept. of Justice, Washington, D.C., argued for defendants-appellants; Carin Ann Clauss, Dept. of Justice, Washington, D.C., on the brief.
 Eric Winter, Los Angeles, Cal., argued for plaintiffs-appellees; William D. Artus, Anchorage, Alaska, Anderson, McPharlin & Conners, Los Angeles, Cal., on the brief.
 On Appeal from the United States District Court for the District of Alaska.
 Before CHAMBERS and TANG, Circuit Judges, and THOMPSON,* District Judge.
 PER CURIAM:
 
 
 1
 This case is procedurally unique but it involves an issue of law which in all probability will never arise again.
 
 
 2
 The action was instituted on June 19, 1973 by the Contractor, Woodside Village, against the Secretary of Labor, the Secretary of Housing and Urban Development, Kassler-West Mortgage Co., Inc., and Seattle First National Bank, to compel release of construction loan funds which were being withheld on orders of the Departments of Labor and HUD because of alleged violations of the Davis-Bacon Act. Jurisdiction was based on 28 U.S.C. § 1331, the federal question being whether the Davis-Bacon Act applied to the construction contract which Woodside was performing.
 
 
 3
 On December 3, 1973, the District Court ordered the case to be held in suspense pending completion of administrative proceedings. Approximately a year later cross-motions for summary judgment were filed and on January 3, 1975 the Court denied both motions because administrative remedies had not been fully exhausted. Plaintiffs moved for reconsideration of plaintiffs' motion and on May 16, 1975 this motion was denied. Finally, in July and August, 1976, notice of the exhaustion of administrative remedies was filed, the parties stipulated to lodge the administrative decisions with the Court, and cross-motions for summary judgment were again filed and briefed. At this juncture, although no amended pleadings had been filed, the action had in fact been converted to one to review final agency action under the Administrative Procedure Act (5 U.S.C. § 551 et seq.) The District Court granted plaintiffs' motion for summary judgment and found that the Davis-Bacon Act was not applicable to plaintiffs' construction contract, thus reversing the decision of the Wage Appeals Board of the Department of Labor. The District Court then entered judgment against defendants for $96,395.19 and exonerated the bond plaintiffs had procured in the provisional settlement.
 
 
 4
 The government briefs at the outset argue knotty jurisdictional issues respecting the District Court's power to enter a money judgment. Because of the view we take of the merits we shall seek no solution of these problems. It is clear that the District Court did have jurisdiction under 28 U.S.C. § 1331 to decide whether the Davis-Bacon Act was applicable to the instant project and jurisdiction to review the decision of the Wage Appeals Board of the Department of Labor. This Court has jurisdiction under 28 U.S.C. § 1291.
 
 FACTS
 
 5
 In October of 1970, the Alaska State Housing Authority invited proposals for an urban renewal project in Anchorage, Alaska. The project was to be financed by loans insured by the Federal Housing Administration under the National Housing Act, 12 U.S.C. § 1701 et seq.
 
 
 6
 To obtain mortgage insurance under the Housing Act, the builder was required to pay wages to construction employees equal to those prevailing in the area. The Secretary of Labor was empowered to determine the prevailing wage rate under the Davis-Bacon Act, 12 U.S.C. § 1715c, 40 U.S.C. § 276a.
 
 
 7
 In February of 1971, J. L. Johnston, the appellee, submitted a bid for the project. This bid included his estimated construction cost computed in accordance with the prevailing wage rates in the area. On February 23, 1971, after Johnston had submitted his bid, the President, under the authority of 40 U.S.C. § 276a-5, suspended the application of the Davis-Bacon Act "as to all contracts entered into on or subsequent to the date of this proclamation . . . " Presidential Proclamation No. 4031, 37 Fed.Reg. 3457 (1971). On March 29, 1971, the President reinstated, in part, the application of the Davis-Bacon Act by revoking the February 23rd proclamation "as to all construction contracts for which solicitations for bids or proposals are issued after the date of this Proclamation, . . . " Presidential Proclamation No. 4040, 37 Fed.Reg. 6335 (1971).
 
 
 8
 During the period between February 23, 1971, and March 29, 1971, Johnston amended his bid, substantially reducing the estimated construction costs. On April 28, 1971, the Alaska State Housing Authority notified Johnston of its intention to accept his proposal. The proposal was formally accepted on June 23, 1971. Between February 23, 1971, and June 23, 1971, Johnston was free to modify, amend, or withdraw his proposal at will. During the time between notification and final acceptance, Johnston proceeded with his application for FHA mortgage insurance and after a number of changes a final application was submitted on September 29th. The FHA gave initial approval to the application on October 1, 1971. At that time, Johnston was given a copy of the wage determination made by the Secretary pursuant to the Davis-Bacon Act.
 
 
 9
 Johnston executed a building loan agreement with the mortgagee and a construction contract, both of which required payment of wages determined pursuant to the Davis-Bacon Act. Throughout the period of construction Johnston submitted payroll reports representing that his own and subcontractors' employees were being paid the prevailing wage determined by the Secretary of Labor. In fact, the employees were being underpaid. As a consequence, the Department of Housing and Urban Development caused the construction lender to withhold certain sums otherwise payable to Johnston.
 
 
 10
 On July 11, 1975, the administrative law judge ruled that the Davis-Bacon Act applied to the project. The judge also found that there had been wage payment violations of approximately $155,000. This decision was affirmed by both the Assistant Secretary of Labor and the Wage Appeals Board. During the pendency of these administrative proceedings, Johnston was able to obtain release of the construction loan funds by depositing $96,394.19 with the Federal Housing Administration and executing a surety bond in the amount of $54,623.85. It was agreed that these sums were to be used to satisfy any wage deficiencies determined to exist by the FHA with the remaining balance, if any, to be returned to Johnston. The $96,394.19 was transferred to the Wage and Hour Division of the Department of Labor and was disbursed to the employees prior to the decision of the administrative law judge.
 
 LAW
 
 11
 The District Court, basing its decision on a plain reading of the Presidential Proclamations determined that the Davis-Bacon Act did not apply to this case.
 
 
 12
 The District Court read the first proclamation and determined that the Woodside contract was entered into "on or subsequent to the date of this proclamation." It then turned to the second proclamation and determined that the Woodside project was not "a construction contract for which solicitation for bids" was issued after the date of the proclamation. Ergo, the Davis-Bacon Act did not apply. The District Court does not appear to have considered the effect of All Agency Memorandum No. 93, April 6, 1971. This memorandum addressed the problem of solicitations issued before the proclamation suspending the application of the Davis-Bacon Act, resulting in contracts entered into after the second proclamation had reinstated the application of the Act.
 
 
 13
 "Where bids or proposals for contract work were solicited subject to Davis-Bacon provisions prior to Proclamation 4031 suspending such provisions with respect to 'contracts entered into' on or after February 23, 1971, and no further action has been taken and no contract entered into pursuant to such solicitation between February 23, and March 29, 1971, inclusive, it would appear that no contract or solicitation therefor became subject to the suspension proclamation before the revocation by Proclamation 4040 and that the additional effort and expense of issuing a resolicitation after March 29, 1971 would not be required as a result solely of the two proclamations. So long as the wage determination on the basis of which the solicitation was made remains in effect, a contract subject to its provisions may be entered into as it would have been if there had been no suspension during the intervening period.
 
 
 14
 "The reinstatement of Davis-Bacon provisions under Proclamation 4040 should accordingly avoid, or at least minimize, most of the problems resulting from interrupting the procurement process once it has begun, which were faced by contracting officers under Proclamation 4031."
 
 
 15
 In dealing with agency construction of statutes the Supreme Court has held that the administrative interpretation is entitled to great weight and will not be disturbed unless it is unreasonable. Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965). The Secretary's interpretation of the Act is consistent with the Act's purpose of protecting employees on government projects from substandard wages. Walsh v. Schlecht, 429 U.S. 401, 411, 97 S.Ct. 679, 50 L.Ed.2d 641 (1977), and the District Court should have upheld the decision of the administrative law judge. See Hopkins v. United States, 414 F.2d 464, 470 (9th Cir. 1969).
 
 
 16
 We do not adopt the narrow perspective of the issue perceived by the District Court. The case cannot be resolved simply by deciding by interpretation of the two Presidential Proclamations whether the requirements of the Davis-Bacon Act wage scale provisions were By operation of law made a part of plaintiffs' contract documents. True, if the Davis-Bacon Act applies to a contract, the contractor must pay wages "not less" than the "minimum wages" specified in a schedule furnished by the Secretary of Labor. United States v. Binghamton Construction Co., 347 U.S. 171, 74 S.Ct. 438, 98 L.Ed. 594 (1954). But the converse is not necessarily true. Nothing in the Davis-Bacon Act precludes the parties from contracting with reference to it, even if by proper interpretation its requirements may not have been applicable by force of law to the project in question. From this point of view, this case is analogous to Walsh v. Schlecht, 429 U.S. 401, 411, 97 S.Ct. 679, 686, 50 L.Ed.2d 641 (1977) in which the Supreme Court held:
 
 
 17
 "Petitioner also advances an argument, apparently not made in the Oregon courts, that the subcontractor's clause 'frustrates' the objectives of the Davis-Bacon Act, 40 U.S.C. § 276a, by increasing his labor costs over the minimum required by that Act. However, the Davis-Bacon Act 'was not enacted to benefit contractors, but rather to protect their employees from substandard earnings by fixing a floor under wages on Government projects.' United States v. Binghamton Constr. Co., 347 U.S. 171, 176-177, 74 S.Ct. 438, 441, 98 L.Ed. 594 (1954). That objective is clearly not 'frustrated' when contractual arrangements between employers and their employees result in higher compensation and benefits than the floor established by the Act."
 
 
 18
 We agree with the decision of the Wage Appeals Board based on comprehensive findings by the administrative law judge that plaintiff, Woodside Village, a limited partnership, voluntarily and knowingly agreed to perform the contract in conformity with and subject to the minimum wage requirements of the Davis-Bacon Act.
 
 
 19
 The judgment is reversed.
 
 
 
 *
 Hon. Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation