(643 P.2d 1142)
No. 53,623

R. D. ANDERSEN CONSTRUCTION COMPANY, INC. A Kansas Corporation, *Appellee,* v. KANSAS DEPARTMENT OF HUMAN RESOURCES, DR. HARVEY LUDWICK, Secretary; JERRY ABBOTT, Director, Division of Labor Management Relations and Employment Standards; DON W. BRUNER, Employment Standards Administrator, Employment Standards Section; PATRICIA L. CASEY, Chief of Appeals, Employment Security Division, *Appellants.*

Petition for review denied September 17, 1982.

Opinion filed April 22, 1982.

*Russell J. Lindgren* and *J. Marcus Goodman,* Kansas Department of Human Resources, Topeka, for appellants.

*Stewart L. Entz,* of Colmery, McClure, Funk, Letourneau & Entz, of Topeka, for appellee.

Before REES, P.J., MEYER, J., and RICHARD W. WAHL, District Judge Assigned.

WAHL, J.: On November 26, 1979, one Dan D. Neely filed a claim for wages form with the Kansas Department of Human Resources (appellants) seeking the difference between what he was paid by R. D. Andersen Construction Company, Inc. (appellee), on a public works project, and what he contended was due to him as "the current rate of per diem wages" under K.S.A. 44-201, the eight-hour day on public work law. The claim for wages was served upon the appellee on December 6, 1979. The appellants proceeded to investigate the claim as provided in K.S.A. 44-322 and ultimately set the claim for an administrative hearing on December 15, 1980, as provided by K.S.A. 44-322a.

On December 10, 1980, appellee filed a petition in the Shawnee County District Court seeking a declaratory judgment that the appellants' attempt to exert jurisdiction over the appellee pursuant to the claim made under K.S.A. 44-201 was in excess of appellants' jurisdiction granted by the legislature. By its petition, appellee also sought injunctive relief enjoining the appellants from exerting jurisdiction over the appellee pursuant to the claim of Neely, and enjoining the appellants from conducting any

hearings, investigations or other related activities under the claim, and enjoining the appellants from forcing the appellee to participate in the claim.

On January 13, 1981, appellants filed a motion to dismiss appellee's petition on the ground that appellee's application to the court for relief was premature in that the appellee had not exhausted its administrative remedies. Upon the hearing of the motion to dismiss, the court determined that the question to be decided was whether the appellants had the jurisdiction to enforce K.S.A. 44-201, which, the court observed, was the same issue which was before the court in the appellee's petition. Upon determining that there were no factual issues before it and no facts to be discovered, the court directed counsel for the parties to brief the legal issue as to whether the appellants had the authority to enforce K.S.A. 44-201. Appellee complied with the court's request. Appellants did not, but simply repeated their contention that the appellee had not exhausted its administrative remedies.

On June 15, 1981, the court found for the appellee upon its prayer for a declaratory judgment and injunction. An order of injunction was filed on August 11, 1981. Appellants' notice of appeal was filed on September 4, 1981.

The matter presents this court with two issues for determination:

> 1. Must the respondent in an administrative proceeding exhaust all administrative remedies before resorting to the district court to challenge the authority to the administrative tribunal to act at all?

> 2. May K.S.A. 44-201, the eight-hour day on public work law, be enforced by the Secretary of the Department of Human Resources under the authority and administrative procedures prescribed by K.S.A. 44-313 et seq., the payment of wages law?

K.S.A. 44-201 provides in part as follows:

" 'The current rate of per diem wages' for the intents and purposes of this act shall be the rate of wage paid in the locality as hereinafter refined to the greater number of workmen, laborers or mechanics in the same trade, occupation or work of a similar nature. . . .

"Eight hours shall constitute a day's work for all laborers or other persons employed by or on behalf of the state of Kansas or any municipality of said state. . . . Not less than the current rate of per diem wages in the locality

where the work is performed shall be paid to laborers or other persons so employed.

"And laborers and other persons employed by contractors or subcontractors in the execution of any contract or contracts with the state of Kansas or any municipality thereof shall be deemed to be employed by or on behalf of the state or such municipality so far as the hours of work and compensation herein provided are concerned."

The enforcement provisions of the payment of wages law, K.S.A. 44-313 *et seq.,* are in part as follows:

44-322. "(*a*) The secretary shall enforce and administer the provisions of *this act* and the secretary or authorized representative of the secretary are empowered to hold hearings and otherwise to investigate violations or alleged violations of *this act."* (Emphasis added)

44-322a. "(*a*) Whenever a claim for unpaid wages *under K.S.A. 44-313 to 44-326,* inclusive. . . . is filed with the secretary of human resources, the secretary shall investigate the claim as provided in K.S.A. 44-322 to determine if a dispute exists between the parties to the claim. If the secretary determines that a dispute does exist and that the parties are unable to resolve their differences, the secretary shall establish a time and place for a hearing on the matter.

. . . .

"(*d*) Upon the completion of the hearing, the secretary shall determine whether the claim for unpaid wages is a valid claim *under K.S.A. 44-313 to 44-326,* inclusive. . . . If the secretary determines the claim for unpaid wages is valid, the amount of unpaid wages owed together with any damages which may be assessed under K.S.A. 44-315, if applicable, also shall be determined by the secretary. . . . If the secretary determines the claim for unpaid wages is valid, the secretary shall order that the unpaid wages and any applicable damages be paid by the party responsible for their payment. The decision of the secretary shall be final and the amount of any unpaid wages and applicable damages determined by the secretary to be valid shall be due and payable unless an appeal is taken to the district court. . . ." (Emphasis added.)

R. D. Andersen Construction Company, Inc., was not seeking to circumvent any administrative rule or procedure by its petition in the district court. This action was brought to determine whether the Secretary of the Department of Human Resources was operating within his grant of authority when he summoned the appellee into an administrative hearing to enforce Neely's claim under K.S.A. 44-201. This the appellee had a perfect right to do and this was its only road to relief.

Whether we can review the issue of K.S.A. 44-201 claims enforcement under the procedure provided by K.S.A. 44-313 *et seq.,* stems from a unique situation in this case. Appellee argues that since the appellant failed to brief the question on direction of the trial judge and did not argue it in the trial court, the question cannot be raised for the first time on appeal. The rule stated by the

appellee is well settled in this state. *Fleming v. Etherington,* 227 Kan. 795, 610 P.2d 592 (1980); *Landrum v. Taylor,* 217 Kan. 113, 535 P.2d 406 (1975).

Appellants' determination not to brief and present the question upon direction of the trial judge is, at best, a curious decision. Appellants elected to stand on the rule stated in *Jarvis v. Kansas Commission on Civil Rights,* 215 Kan. 902, 528 P.2d 1232 (1974). Apparently, the trial judge considered the position of the appellants concerning *Jarvis* to be tantamount to a brief. In any event, it cannot be overlooked that the trial court did consider the question. It having been an issue in the trial court, the question shall be considered on appeal.

The rule upon which appellants rely is stated by the Supreme Court in *Jarvis v. Kansas Commission on Civil Rights,* 215 Kan. at 906, as follows:

"The exhaustion doctrine dictates that an administrative remedy be sought and completed before the courts will act. Since respondent had not exhausted his administrative remedies and no hearing had been held nor final order rendered, the district court acted prematurely in issuing its order.

". . . The courts should not interfere with administrative proceedings and assume jurisdiction of declaratory judgment proceedings until administrative remedies have been exhausted."

The rule of *Jarvis* is not questioned in this case, but it has no application here. The issue in this case is whether there were any administrative remedies provided at all, not whether they had been exhausted.

It is a well-recognized exception to the rule in *Jarvis* that judicial review of interlocutory rulings of an administrative agency is proper if the agency has exercised authority in excess of its jurisdiction or acted in some manner that is contrary to its statutory grant of authority. *Leedom v. Kyne,* 358 U.S. 184, 3 L.Ed.2d 210, 79 S.Ct. 180 (1958); *Harmon v. Brucker,* 355 U.S. 579, 2 L.Ed.2d 503, 78 S.Ct. 433 (1958); *Office Employes v. Labor Board,* 353 U.S. 313, 1 L.Ed.2d 846, 77 S.Ct. 799 (1957). The power of the administrative agency to act is not unlimited and it is the function of the courts to determine whether the action of the agency is within the law.

"It is for the courts, not for administrative agencies, to lay down the governing principles of law and to determine what action is within or without the law. This is a judicial function, and judicial review of questions of law may be held required by the Constitution and beyond the legislative power to impair." 2 Am. Jur. 2d, Administrative Law § 654, p. 515.

The rule of law allowing extraordinary judicial remedies to curtail or prohibit unlawful action by an administrative agency has long been recognized by the Kansas Supreme Court. In *State, ex rel., v. Mohler,* 98 Kan. 465, 472, 158 Pac. 408 (1916), in discussing administrative power, the Court said:

"If this power is abused, the courts are open to the aggrieved party, if not by some statutory review, then by the extraordinary and prerogative remedies of injunction or mandamus."

And, in *Butler v. Rude,* 162 Kan. 588, 593, 178 P.2d 261 (1947), when the plaintiff brought an action challenging an order of the defendants, Secretary and State Board of Embalming, the Supreme Court held:

"In our opinion, Butler was not compelled to await action by the board suspending his license, or refusing to issue or renew his license, in order to test the board's power to adopt the particular rule on the ground that the adoption of the particular rule was not authorized by statute."

Under the provisions of K.S.A. 44-201, Neely was an employee of the State of Kansas with regard to his hours of work and compensation and he was not included within the class of persons to which the payment of wages law, K.S.A. 44-313 *et seq.,* applies. "Employer" is defined by K.S.A. 44-313 as:

"(*a*) 'Employer' means any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, employing any person."

This definition does not include the State of Kansas or any subdivision thereof. The same statute also defines "employee."

"(*b*) 'Employee' means any person allowed or permitted to work by an employer."

The payment of wages law, from which the appellants derive authority, can only operate against "employers" and in favor of "employees" within the express provisions of the law. The State of Kansas and its various political subdivisions are not employers under the act.

K.S.A. 44-201 provides that laborers employed by contractors on construction projects for the State of Kansas are deemed to be employed by or on behalf of the State of Kansas so far as the hours of work and compensation are concerned. Neely is deemed to be

an employee of the State of Kansas for the purposes of compensation under K.S.A. 44-201.

A primary rule for the construction of a statute is to find the legislative intent from its language, and where the language is plain and unambiguous, the court should follow the intent as expressed by the words used. *Underwood v. Allmon,* 215 Kan. 201, 523 P.2d 384 (1974). Ordinary words in a statute are to be given their ordinary meaning and the statute is not to be read so as to add or subtract from that which is stated therein. *Lakeview Gardens, Inc. v. State, ex rel. Schneider,* 221 Kan. 211, 557 P.2d 1286 (1976); *State v. Pray,* 5 Kan. App. 2d 173, 613 P.2d 400 (1980). When the language of a statute is clear and not ambiguous, no tribunal, whether judicial or administrative, may inject its version of what the law should be rather than giving effect to the statute as it is clearly written. *Johnson v. McArthur,* 226 Kan. 128, 596 P.2d 148 (1979); *State v. V.F.W. Post 3722,* 215 Kan. 693, 527 P.2d 1020 (1974).

The language employed in both the payment of wages law, K.S.A. 44-313 *et seq.,* and the eight-hour day public work law, K.S.A. 44-201, is plain and unambiguous. The language clearly states that the Secretary of the Department of Human Resources shall administer the provisions of the payment of wages law, repeatedly iterating that the Secretary shall administer the provisions of "this act." The Secretary may not assume to administer K.S.A. 44-201 without an express mandate from the legislature that he do so. *Jackson v. State Corporation Commission,* 183 Kan. 246, 326 P.2d 280 (1958); *In re Estate of Jones,* 179 Kan. 744, 298 P.2d 230 (1956).

K.S.A. 44-313 *et seq.* does not extend to state employees, such as the claimant Neely is deemed to be under the provisions of K.S.A. 44-201. The latter statute makes no provision for the Secretary of the Kansas Department of Human Resources, or any other administrative agency, to conduct investigations and to hold hearings on any complaint alleging a violation of the eight-hour day on public work law. The trial court correctly found the appellants to be attempting to operate beyond their statutory authority.

K.S.A. 44-201 was originally enacted in 1891 to enforce an eight-hour work day on public work projects and to protect a workman's wages against the ingenuity of employers who devised various schemes to pay less for an eight-hour day than for a

ten-or-twelve-hour day. K.S.A. 44-313 *et seq.*, was enacted some eighty-two years later to assist employees whose wages were not paid in full when they were due. Each act had its own distinct purpose. Had the legislature intended to have the Secretary of the Kansas Department of Human Resources investigate and determine disputes arising under K.S.A. 44-201 *et seq.*, the authority could have been granted in a phrase. It was not.

The trial court did not err in granting the prayer of appellee's petition for declaratory judgment and injunction.

Affirmed.