No. 54,163

RITCHIE PAVING, INC., DIVISION OF RITCHIE CORPORATION, INC., a Kansas corporation; and UTILITY CONTRACTORS, INC., a Kansas corporation, *Appellants,* v. KANSAS DEPARTMENT OF TRANSPORTATION, *Appellee.*

(654 P.2d 440)

Opinion filed December 3, 1982.

*William G. Haynes,* of Eidson, Lewis, Porter & Haynes, of Topeka, argued the cause, and *Anne L. Baker,* of the same firm, was with him on the briefs for appellants.

*Dan Watkins,* chief counsel for the department of transportation, argued the cause, and *Kris P. Thompson,* staff attorney for the department of transportation, was with him on the briefs for appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is a declaratory judgment-injunction action originally brought by five construction firms claiming the defendant Kansas Department of Transportation violated K.S.A. 44-201 by specifying, on wholly state-funded highway projects, payment of federal Davis-Bacon prevailing wage rates [40 U.S.C. § 276a(a) and (b) (1976)]. Plaintiffs Ritchie Paving, Inc., and Utility Contractors, Inc. appeal from the trial court's adverse decision.

Defendant Kansas Department of Transportation (hereinafter referred to as KDOT) gave appropriate notice of its intention to let bids on some 32 highway projects located in various parts of the state. The bid letting was set for December 17, 1981. The bid specifications for each project: (1) required the payment of the applicable Davis-Bacon minimum wage rates; and (2) compliance with K.S.A. 44-201.

Plaintiffs contend that some Davis-Bacon wage scales set certain wage rates lower than the "current rate of per diem wages" mandated by K.S.A. 44-201 and, accordingly, KDOT's inclusion of same in the specifications is unlawful.

Before proceeding to the discussion herein the following should be noted. R. D. Andersen Construction Co., Inc., has been a party to four comparatively recent Kansas appellate court cases involving construction and interpretation of K.S.A. 44-201. Multiple references to these cases are necessary to the determination of the issues herein. To avoid confusion arising from the similarity of case names, the four cases are listed and will be henceforth referred to as *Andersen I, II, III* or *IV,* as follows:

*Andersen I:*   *Andersen Constr. Co. v. Weltmer,* 223 Kan. 808, 557 P.2d 1197 (1978), full opinion, 224 Kan. 191, 577 P.2d 1197 (1978).

*Andersen II:*   *Andersen Construction Co. v. City of Topeka,* 228 Kan. 73, 612 P.2d 595 (1980).

*Andersen III:*   *R. D. Andersen Constr. Co. v. Kansas Dept. of Human Resources,* 7 Kan. App. 2d 453, 643 P.2d 1142 (1982), *rev. denied* 231 Kan. 801 (1982).

*Andersen IV:*   *Baker v. R. D. Andersen Constr. Co.,* 7 Kan. App. 2d 568, 644 P.2d 1354 (1982), *rev. denied* 231 Kan. 799 (1982).

In *Andersen II* this court summarized the Davis-Bacon Act as follows:

"The Davis-Bacon Act, ch. 411, §§ 1-7, 46 Stat. 1494 (1931), as amended (codified at 40 U.S.C. § 276a to 276a-7 [1976]), requires the Secretary of Labor to determine the minimum wages to be paid laborers and mechanics employed by contractors on federal or federally funded construction projects. Under the published regulations, 29 C.F.R. § 1.1 *et seq.* (1979), the Secretary compiles wage rate information, determines the prevailing wage scales, and publishes them periodically in the Federal Register. 'Wages,' 'scale of wages,' 'wage rates,' 'minimum wages,' and 'prevailing wages' are required by 40 U.S.C. § 276a to include not only the basic hourly rate of pay but also fringe benefits.

"Davis-Bacon wages must be paid by all contractors on state and local construction projects when any federal financial assistance is utilized. 42 U.S.C. § 6708." 228 Kan. at 76.

For purposes of the Davis-Bacon Act wage scales, Kansas is divided into five wage areas. Multiple prevailing wage scales are developed by the United States Secretary of Labor for each area based on the type of construction project involved. The wage scale adopted in each instance by KDOT is the highway construction classification. Certain categories of highway workers therein have a lower wage rate than their counterparts in other classifications. Illustrative of this is the "carpenter" category. In Wage Area No. 2 (Sedgwick County), a carpenter on a highway project has a minimum wage of $5.83 per hour (46 Fed. Reg. 21,566 [1981]) while a carpenter on a high-rise construction project had a minimum wage of $11.45 per hour (46 Fed. Reg. 34,971 [1981]). These wage scales were stipulated in the case herein.

The key factor for purposes of this issue is that the wage rates under Davis-Bacon are the result of project-based analysis. The basis therefore is 40 U.S.C. § 276a(a), which provides in relevant part:

"[S]hall be based upon the *wages* that will be *determined* by the Secretary of Labor to be *prevailing* for the corresponding *classes of laborers* and mechanics *employed on projects of a character similar to the contract work* in the city, town, village, or other civil subdivision of the State, in which the work is to be performed . . . ."

We turn now to the Kansas statute in controversy. K.S.A. 44-201 provides:

"**44-201. Eight-hour day; exceptions; payment of current rate of per diem wages where work performed.** *'The current rate of per diem wages' for the intents and purposes of this act shall be the rate of wage paid in the locality as hereinafter refined to the greater number of workmen, laborers or mechanics in the same trade,*

*occupation or work of a similar nature.* In the event that it be determined that there is not a greater number in the same trade, occupation or on similar work paid at the same rate, then the average rate paid to such laborers, workmen or mechanics in the same trade, occupation, or work shall be the current rate. The 'locality' for the purpose of this act shall be the county wherein the physical work is being performed: *Provided,* That where cities of the first or second class are located in said counties, each such city shall be considered a locality.

"Eight hours shall constitute a day's work for all laborers or other persons employed by or on behalf of the state of Kansas or any municipality of said state, except in cases of extraordinary emergency which may arise, in time of war, or in cases where it may be necessary to work more than eight hours per calendar day for the protection of property or human life. Laborers or other persons so employed, working to exceed eight hours per calendar day, shall be paid on the basis of eight hours constituting a day's work. Not less than the current rate of per diem wages in the locality where the work is performed shall be paid to laborers or other persons so employed.

"And laborers and other persons employed by contractors or subcontractors in the execution of any contract or contracts with the state of Kansas or any municipality thereof shall be deemed to be employed by or on behalf of the state or such municipality so far as the hours of work and compensation herein provided are concerned.

"That the contracts hereafter made by or on behalf of the state of Kansas or by or on behalf of any county, city, township or other municipality of said state with any corporation, person or persons which may involve the employment of laborers, workmen or mechanics, shall contain a stipulation that no laborer, workman or mechanic in the employ of the contractor, subcontractor or other person doing or contracting to do the whole or a part of the work contemplated by the contract shall be permitted or required to work more than eight (8) hours in any one calendar day except in cases of extraordinary emergency (as defined in this act); such contract shall contain a provision that each laborer, workman or mechanic employed by such contractor, subcontractor or other person about or upon such public work shall be paid the wages herein provided: *Provided further,* That the provisions of this act in regard to hours worked per calendar day shall not apply to the construction, reconstruction, maintenance, or the production of local materials for: Highways, roads, streets, and also the structures and drainage in connection therewith; sewer systems; waterworks systems; dams and levees; canals; drainage ditches; airport grading, drainage, surfacing, seeding, and planting." (Emphasis supplied.)

Under K.S.A. 44-201 the "current rate of per diem wages" is the "rate of wage paid in the locality" to workmen in the same trade or work of a similar nature.

Plaintiffs argue that K.S.A. 44-201 does not permit project-based classification of workers. Put more simply, the contention is that a carpenter is a carpenter whether working on a highway, a high-rise office building, or a chicken coop. Therefore plaintiffs argue wages of all carpenters in the locality should be considered

in establishing the current rate of per diem wage referred to in K.S.A. 44-201. Davis-Bacon wage scales are project-based and authorize, in a particular area as shown in the earlier illustration, payment to a highway project carpenter of approximately one-half the minimum wage authorized for a high-rise building project carpenter. Plaintiffs argue the Davis-Bacon variation in wages for similar jobs among the various classifications in a given area is a patent violation of K.S.A. 44-201. We do not agree.

The issue of whether K.S.A. 44-201 itself requires a project-based analysis was before the Court of Appeals in *Andersen IV.* After reviewing prior case law construing K.S.A. 44-201, the court therein concluded:

"Workers, although in the same generic class of employment, are not necessarily always in the 'same trade, occupation or work of a similar nature,' to use the statutory language. Persons employed to do similar tasks may nevertheless not be in the 'same trade, occupation or work of a similar nature,' owing to the fact that such workers perform these similar tasks in substantially different work environments. The 'eight-hour law' should be construed in light of these statements.

"We hold that in computing the 'current rate of per diem wages' for the purposes of 44-201, only those workers employed to do similar tasks on similar classifications of projects should be taken into account. Only if no classification of projects, and therefore no differential wage rates exist, should consideration be given to all the workers in the locality doing similar tasks, regardless of the project setting they work in.

". . . A project-based analysis would also lessen the burden on a plaintiff who sues a contractor under 44-201, for his proof could be limited to similar projects, and would not have to involve all workers doing similar tasks in any setting. Further, a project-based construction would indirectly serve the 'eight-hour' mandate of 44-201 in addition to directly affecting the 'minimum wage' provisions. These two arms of the statute are like two sides of the same coin; if a worker is not paid an adequate wage for his eight-hour day of work on a public construction project, it is highly likely that economic pressures may force him to work at some other employment in addition thereto, thus obviating one purpose of 44-201, that being to prevent overworking of public employees." 7 Kan. App. 2d at 575-76.

We conclude the foregoing holding and rationale of the Court of Appeals are sound and should be approved. Inasmuch as K.S.A. 44-201 itself requires project-based analysis in determining the "current rate of per diem wage," Davis-Bacon can hardly be deemed in violation of the Kansas statute by virtue of employment of the same considerations in determining the prevailing wage rates. There is no claim that a classification for highway construction projects is improper where project-based classifica-

tions are permissible. We further conclude the inclusion of the Davis-Bacon wage scale in the specifications herein is not a violation of the "current rate of per diem wages" requirement of K.S.A. 44-201 on the basis that said scale is project based.

In summary, in determination of the current rate of per diem wages under K.S.A. 44-201, substantially similar projects in the locality are the considerations. In determining highway construction wages the comparison must be to other highway construction projects, not to building or residential construction. Only if there are no substantially similar highway construction projects in the locality may one look to other types of projects.

Plaintiffs' evidence in support of their contention that the Davis-Bacon wage scales herein are unlawful by virtue of being lower than those required by K.S.A. 44-201 was only valid if the Kansas statute did not permit project-based analysis. Plaintiffs argue that the Davis-Bacon division of the state into five wage areas is substantially different from the "locality" requirement of K.S.A. 44-201. However they have failed to establish that such circumstances have, in fact, resulted in inclusion of a wage scale lower than that mandated by the Kansas statute.

Another area of plaintiffs' concern is that the inclusion of both minimum wage provisions in the specifications is confusing to contractors.

In *Andersen II* this court said:

"K.S.A. 44-201 sets a floor below which wages paid by contractors on public projects may not fall." Syl. ¶ 1.

"K.S.A. 44-201 does not prohibit a municipality, if it wishes to do so, from specifying wage rates and scales higher than those required by K.S.A. 44-201, and from including them in the specifications and in the contract." Syl. ¶ 2.

"K.S.A. 44-201 was enacted not for the benefit of contractors but to protect employees by fixing a floor under wages on public projects. It is an expression of public policy that payment of low wages shall not give a contractor an advantage in bidding or securing a public contract." Syl. ¶ 4. 228 Kan. 73.

Inclusion, in essence, of two minimum wage considerations simply sets a double floor below which wages paid by contractors may not fall. The wage paid any particular workman may not be less than the minimum wage required under either Davis-Bacon or K.S.A. 44-201.

It should also be recalled that it is the particular workman who claims violation of K.S.A. 44-201 who may bring an action for

recovery of the underpaid wages. See *Andersen III,* 7 Kan. App. 2d 453.

The next issue is whether KDOT has authority to include a specific minimum wage schedule in its highway construction specifications.

Unlike the federal Davis-Bacon Act which requires a wage rate specification, K.S.A. 44-201 does not. *Andersen I.* However, K.S.A. 44-201 does not prohibit a municipality from electing to have a specific wage rate. *Andersen II.* See also *Andersen IV,* 7 Kan. App. 2d at 574. Public bodies having authority to enter into contracts for public works or improvements have the authority to fix the terms of those contracts so long as the terms do not contravene statutory law or public policy. *Andersen II,* 228 Kan. at 79-80. The Kansas Secretary of Transportation is a public official vested with authority to make contracts (K.S.A. 68-407). Consequently, he may fix the terms of those contracts so long as the terms do not contravene statutory law or public policy. *Andersen II,* 228 Kan. at 80.

The Transportation Secretary may elect, as did the City of Topeka in *Andersen II,* to include specific minimum wage rates. If he does, such specifications must be equal to or be greater than the prevailing wage determinable under K.S.A. 44-201 for substantially similar projects in the locality. *Andersen IV.* Permitting the Secretary to employ Davis-Bacon rates is not only consistent with *Andersen II* but also decisions from other jurisdictions. *E.g., Woodside Village v. Sec. of U.S. Dept. of Labor,* 611 F.2d 312 (9th Cir. 1980).

We conclude that KDOT had authority to include the Davis-Bacon wage scale in the specifications herein.

As their next issue plaintiffs argue KDOT's adoption of the Davis-Bacon wage rates was an invalid delegation of authority to the Department of Labor. This issue is wholly without merit. As noted by the trial judge herein, "[t]he decision to use the Davis-Bacon scale is that of the defendant [KDOT] and not the Department of Labor."

Other issues raised have been considered and found to be without merit.

The judgment is affirmed.