MULLIGAN MASONRY COMPANY, INC., Plaintiff-Appellee, v. RYAN MARTIN *et al.*, Defendants (The Department of Labor, Defendant-Appellant).

Second District   No. 2—94—0564

Opinion filed November 21, 1994.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Deborah L. Ahlstrand and Robert G. Toews, Assistant Attorneys General, of counsel), for appellant.

John P. Duggan, of Lowe & Steinmetz, Ltd., of Aurora, and Rochelle L. Gordon, of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:
Defendant, the Department of Labor (the Department), appeals the order of the circuit court of Kane County granting summary judgment in favor of plaintiff, Mulligan Masonry Company, Inc., in an action for a declaratory judgment. This is a case of first impression. We affirm.

Defendant East Aurora School District 131 (the school district) retained plaintiff to provide masonry work for the construction of an addition to the Farnsworth Middle School. Plaintiff employed defendants Ryan Martin and Gerald Taylor to perform a job titled "mason tender" on the project. As mason tenders, these men attended

to masons, that is, they organized and moved supplies, mixed mortar, cleaned up, and erected and dismantled scaffolds for masons. Plaintiff classified Martin and Taylor as laborers for payroll purposes.

Because the Farnsworth addition constituted a public works project, the Prevailing Wage Act (820 ILCS 130/1 *et seq.* (West 1992)) required the Department to review the payroll records for the project. Upon review, the Department decided that because Martin and Taylor operated a brick forklift one to three hours daily during the course of their duties as mason tenders, they should have been classified and paid as operating engineers rather than as laborers. Because operating engineers earn a higher prevailing wage than laborers earn, the Department ordered plaintiff to pay $2,964.57 in back pay and $592.71 in penalties.

Disputing this decision, plaintiff sought a declaratory judgment as to the wage it should pay defendants Martin and Taylor. The school district was dismissed from the action, and the trial court awarded summary judgment in favor of plaintiff, declaring that Martin and Taylor were properly paid as laborers. The Department appeals.

Summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. (735 ILCS 5/2—1005(c) (West 1992); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) Here, as the trial court found, no facts are in dispute. The parties seek an interpretation of the Prevailing Wage Act (820 ILCS 130/1 *et seq.* (West 1992)) as it applies to mason tenders who use a brick forklift. We agree with the trial court that based on the pleadings, admissions, and affidavits filed herein plaintiff is entitled to judgment as a matter of law, because the Department has failed to refute that Kane County mason tenders are laborers and customarily use brick forklifts.

The Prevailing Wage Act requires that all laborers, workers, and mechanics on public works projects must be paid "a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed." (820 ILCS 130/1 (West 1992).) The parties agree that the Farnsworth addition is a public works project. The parties also agree that mason tenders are laborers. The parties disagree whether a worker who uses a forklift to attend to a mason is nevertheless a mason tender. Thus, the parties disagree as to what constitutes work of a similar character in the locality wherein the work was performed.

Plaintiff contends that work similar in character to that performed by Martin and Ryan is the work of attending to masons,

regardless of the tools used. The Department maintains that because Ryan and Martin operated a forklift, their work was similar in character to that of an operating engineer.

Illinois courts have not addressed whether the Prevailing Wage Act requires an analysis of each task performed in order to determine a worker's wage classification. Courts interpreting prevailing wage statutes of other States have disfavored task-by-task analysis. (See *Baker v. R.D. Andersen Construction Co.* (1982), 7 Kan. App. 2d 568, 644 P.2d 1354; *Ritchie Paving, Inc. v. Kansas Department of Transportation* (1982), 232 Kan. 346, 654 P.2d 440.) Other courts ask whether the work in question is customarily performed by the same kind of worker in the same locality. *Essex Contracting, Inc. v. City of DeSoto* (Mo. App. 1989), 775 S.W.2d 208.

Plaintiff contends that the relevant locality is Kane County. Plaintiff asserts that in Kane County mason tenders customarily are laborers and use forklifts. Plaintiff supports this assertion with (1) a building agreement between the Mid-America Regional Bargaining Association and the Construction and General Laborers' District Council of Chicago and Vicinity, which agreement states that proper mason tendering includes the use of a forklift; and (2) affidavits of a mason tender and a mason who assert that mason tenders in Kane County use forklifts; and (3) a National Labor Relations Board case which holds that operating a brick forklift is proper for a laborer in Bolingbrook, Illinois, a community in a county contiguous to Kane. (*Construction & General Laborers, District Council of Chicago & Vicinity v. Schwendener* (1991), 304 NLRB No. 77.) Plaintiff does not differentiate between mason tenders on public versus private projects.

The Department contends that the relevant locality is public works projects in Kane County. Indeed, the calculation of the prevailing wage should be made by reference to the wage rate paid on other public works projects, not on private works projects. (*Hayen v. County of Ogle* (1984), 101 Ill. 2d 413, 416-23; see also *Anderson v. County of Jo Daviess* (1980), 81 Ill. App. 3d 354, 355-58.) The Department asserts that, on public works projects in Kane County, persons who for any reason operate forklifts are customarily operating engineers. The Department attempts to support this assertion with (1) irrelevant excerpts from the Federal "Standard Occupational Classification Manual"; (2) sections of the Department's classification scheme, which indicate that one who operates a forklift is an operating engineer, class 2, but is also an operating engineer, class 4; and (3) the affidavit of a Department employee who asserts that the term "laborer" in the Federal and Department classifications

refers to a person who performs manual, nonmachine work. None of the Department's proofs refer to Kane County or in any way support its assertion that anyone using a forklift is an operating engineer.

The Department has not refuted plaintiff's inference that there is no difference between the work performed by Kane County mason tenders on private projects and the work performed by Kane County mason tenders on public projects. Therefore, the only proofs available to the court indicate that mason tenders in Kane County, public and private, are laborers and do drive forklifts. Therefore, plaintiff was entitled to judgment as a matter of law, and the trial court did not err in awarding plaintiff summary judgment.

The judgment of the trial court of Kane County is affirmed.

Affirmed.

DOYLE and COLWELL, JJ., concur.