Susan C. Robson Marion County Attorney P.O. Box 126 Marion, Kansas 66861
Dear Ms. Robson:
As Marion County Attorney you request our opinion on the specific meaning of K.S.A. 2002 Supp. 64-101(b)(3), with regard to the phrase "general paid circulation." You ask if the newspaper designated as the official county newspaper must be distributed to a specific number of individuals in the county (e.g. 50% of the population) or if such a percentage can be on a per township or per city.
K.S.A. 2002 Supp. 64-101(b)(3) provides:
 "(b) The board of county commissioners of each county shall designate by resolution a newspaper to be the official county newspaper. Once designated the newspaper shall be the official county newspaper until such time as the board designates a different newspaper. The newspaper selected for the official publications of a county shall be a newspaper which:
. . . .
 "(3) has general paid circulation on a daily, weekly, monthly or yearly basis in the county and is not a trade, religious or fraternal publication. . . ."[1]
K.S.A. 2002 Supp. 64-101(b)(4) contains similar language in an alternative provision addressing situations wherein a no qualifying paper is published within the county.
Neither of these provisions set a required percentage number of paid subscriptions within the county, city or township.[2] Thus, the issue becomes the meaning of the phrase "general paid circulation . . . in the county."
The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the Legislature governs when that intent can be ascertained.[3] Ordinary words in a statute are to be given their ordinary meaning and the statute is not to be read so as to add or subtract from that which is stated therein.[4]
The meaning of paid is clear; the paper must be one that has some paid subscribers as opposed to being available to everyone without cost. The meaning of "general circulation" has been discussed in two prior Attorney General Opinions.[5]
"The phrase `newspaper of general circulation' means one which circulates among all classes and which is not confined to a particular class or calling in the community and is the term generally applied to a newspaper to which the general public will resort in order to be informed of the news and intelligence of the day, editorial opinion and advertisements, and thereby render it probable that the notices or official advertising will be brought to the attention of the general public. As a general rule, for a newspaper to be considered as a newspaper of general circulation, the purposes to which the newspaper is devoted must be of common interest to many. However, the fact that a newspaper is devoted to the interest of a particular class of persons, as for instance, those engaged in the same business or calling, and specializes in news and intelligences primarily of interest to that class, will not exclude it from classification as a newspaper of general circulation if, in addition to special news, it also publishes news of a general character; and hence, a newspaper may be a newspaper of general circulation, although primarily devoted to commerce and finance, labor unions, the legal profession, or a political party. 66 C.J.S. Newspapers § 4 (1950)."[6]
Thus, it is our opinion that K.S.A. 2002 Supp. 64-101(b)(3) does not require a specific percentage of county residents to have paid subscriptions in order for a newspaper to qualify for designation as the "official county newspaper." Further, the term "general paid circulation" means that the newspaper in question has some paid subscribers and to which the general public will resort in order to be informed of the news and intelligence of the day.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
PK:JLM:TMN:jm
[1] Emphasis added.
[2] But see K.S.A. 12-1651(b)(3) (which establishes a 50% requirement for paid subscribers when a city chooses its official paper).
[3] City of Wichita v. 200 South Broadway, 253 Kan. 434, 436 (1993);American Home Life Insurance Co. v. Board of County Commissioners,22 Kan. App. 2d 18, 22 (1995).
[4] Lakeview Gardens, Inc. v. State, ex rel. Schneider, 221 Kan. 211,214 (1976); R.D. Anderson Construction Company, Inc. v. Kansas Departmentof Human Resources, 7 Kan. App. 2d 453, 458 (1982).
[5] Attorney General Opinions No. 89-72 and 97-74.
[6] Id.