No. 59,997

Dean Fasse, *Appellee,* v. Lower Heating and Air Conditioning, Inc., *Appellant.*

(736 P.2d 930)

Opinion filed May 1, 1987.

*Stewart L. Entz,* of Entz, Anderson and Chanay, of Topeka, argued the cause and *Jeffrey A. Chanay,* of the same firm, was with him on the brief for appellant.

*Thomas H. Marshall,* of Blake and Uhlig, P.A., of Kansas City, argued the cause and *Michael T. Manley,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

Lockett, J.: The plaintiff, Dean Fasse, brought this action for additional wages due him and 15 other former employees of the defendant, Lower Heating and Air Conditioning, Inc., (Lower). Fasse contends he is the intended third party beneficiary of a construction contract entered into between Lower and Washburn University. The trial court entered judgment for the plaintiff, and Lower appealed. We affirm.

Lower entered into a construction contract with Washburn University to perform the mechanical work on the Allied Health Center building on the Washburn campus. An addendum to the

contract provided that Lower must comply with provisions of K.S.A. Chapter 44, Labor and Industries, and in particular the provisions of K.S.A. 44-201. The addendum, which included 44-201 in its entirety, concluded:

"The 'current rate of per diem wages,' for purposes of this project, shall be defined as and synonymous with the required wages and benefits for each job classification in federal and federally assisted construction projects in Shawnee County, Kansas as determined by the Secretary of Labor of the United States Government, pursuant to the Davis-Bacon Act, (42 U.S.C. 276a *et seq.*), current and effective upon the date of execution of the contract."

Lower began working on the project in June of 1982. During the construction, questions were raised concerning the wages being paid on the project. Representatives of Washburn met with Lower and others regarding the wages. At this meeting, Lower produced a document reflecting the wage scales paid employees on the construction project. Subsequently, Kenneth Hackler, attorney for Washburn, wrote a letter to Lower stating that, while the labor unions and the contractors each construed the effect of Addendum No. 1 differently, the university would not interpret the contract because contract construction was a function of the court.

Lower continued to pay the wages set forth in the schedule. Plaintiff filed this action alleging that, as an intended third party beneficiary under the contract, he was to be paid wages as set by the Davis-Bacon Act (40 U.S.C. § 276a *et seq.* [1982]).

The trial court determined that Lower had violated the terms of the contract by failing to pay the "current rate of per diem wages" as provided in the contract addendum. After taking judicial notice of the Davis-Bacon wage scale published in the Federal Register, the trial court ordered Lower to pay the difference between the wages actually paid and the wages required under Davis-Bacon, plus prejudgment interest. Lower appeals.

Lower contends that neither the Kansas and federal wage and hour laws nor the contract intend that the workers should be third party beneficiaries. Prior to examining the applicable state and federal law and the contract, we must determine who are third party beneficiaries.

Generally, where a person makes a promise to another for the benefit of a third person, that third person may maintain an

action to enforce the contract even though he had no knowledge of the contract when it was made and paid no part of the consideration. *Anderson v. Rexroad,* 175 Kan. 676, 266 P.2d 320 (1954); *Burton v. Larkin,* 36 Kan. 246, 13 Pac. 398 (1887). But it is not everyone who may benefit from the performance of a contract between two other persons, or who may suffer from its nonperformance, who is permitted to enforce the contract by court action. Beneficiaries of contracts to which they are not parties have been divided into three classes: Donee beneficiaries, creditor beneficiaries, and incidental beneficiaries. Only those falling within the first two classes may enforce contracts made for their benefit. 17A C.J.S., Contracts § 519(4)b, p. 964; accord *Burton v. Larkin,* 36 Kan. 246. In more recent analyses of third party beneficiary law, beneficiaries have been divided into two general classes—intended beneficiaries and incidental beneficiaries. Third party beneficiaries are discussed in 2 Williston on Contracts, § 356 (3d ed. 1959).

To be a third party beneficiary to a contract, the contract must be made for the third party's benefit as its object, and he must be the party intended to be benefited in order to be entitled to sue upon it. *Burton v. Larkin,* 36 Kan. 246. The third party beneficiary can enforce the contract if he is one who the contracting parties intended should receive a direct benefit from the contract. Contracting parties are presumed to act for themselves and therefore an intent to benefit a third person must be clearly expressed in the contract. *Ronnau v. Caravan International Corporation,* 205 Kan. 154, 159, 468 P.2d 118 (1970). It is not necessary, however, that the third party be the exclusive beneficiary of all the promisor's performance. The contract may also benefit the contracting parties as well. *Martin v. Edwards,* 219 Kan. 466, 473, 548 P.2d 779 (1976); 17 Am. Jur. 2d, Contracts § 306, pp. 731-32; 17A C.J.S., Contracts § 519(4)f, p. 983.

K.S.A. 44-201 requires contractors employing workers, laborers, or mechanics on public construction projects in Kansas to pay not less than the "current rate of per diem wages" in the locality where the work is to be performed. It also requires that all contracts made by or on behalf of the State of Kansas or any governmental subdivision, which involve the employment of laborers, workers, or mechanics, contain provisions requiring the payment of per diem wages for services on the project.

Under K.S.A. 44-201, the "current rate of per diem wages" is the "rate of wage paid in the locality" to workers in the same trade or work of a similar nature. The statute sets a floor below which wages paid by contractors on public projects may not fall. *Andersen Construction Co. v. City of Topeka*, 228 Kan. 73, 612 P.2d 595 (1980).

The Davis-Bacon Act, originally passed in 1931, 40 U.S.C. § 276a *et seq.* (1982), requires the Secretary of Labor to determine the minimum wages to be paid laborers and mechanics employed by contractors on federal or federally funded construction projects. Under published regulations, the Secretary compiles wage rate information, determines the prevailing wage scales, and publishes them periodically in the Federal Register. Davis-Bacon wages must be paid by all contractors on state and local construction projects when any federal financial assistance is utilized.

The Act directs the Secretary to determine not only the hourly wage but the prevailing fringe benefit payments as well. Section 276a(b) defines "minimum wages" to include both the employee's basic hourly rate of pay and the amount paid by the contractor in fringe benefits. Fringe benefits include medical insurance, pension benefits, unemployment benefits, life insurance, disability or accident insurance, vacation and holiday pay, workers' compensation insurance, and apprenticeship and training programs or "other bona fide fringe benefits."

The Secretary of Labor has established two different types of wage determinations under the Act. The first type of determination is made when a federal agency awards a contract and requests the Secretary to determine the prevailing wage. The Secretary then determines wages for the work classifications involved and issues a determination for that particular project. See 29 C.F.R. § 1.5(a) (1986). The second type of determination is made by the Secretary for a particular area where large amounts of construction may be expected. These determinations are published, and once published, a contracting agency may use them without further notifying the Department of Labor. See 29 C.F.R. § 1.5(b).

For purposes of the Davis-Bacon Act wage scales, Kansas is

divided into five wage areas. *Ritchie Paving, Inc. v. Kansas Dept. of Transportation,* 232 Kan. 346, 348, 654 P.2d 440 (1982). At trial in the present case, the plaintiff presented evidence showing that an area wage determination was prepared by the Department of Labor for the Shawnee County area. This area wage determination at the time that Washburn and Lower contracted was contained in Exhibit No. 5, which Kenneth Hackler, Washburn legal counsel, testified he had determined was the most recent wage determination for the Shawnee County area.

Both K.S.A. 44-201 and the Davis-Bacon Act were enacted not for the benefit of contractors but to protect employees by fixing a floor under wages on public projects. *Andersen Construction Co. v. City of Topeka,* 228 Kan. at 81. K.S.A. 44-201 clearly intends that for each day a worker labors on a contract covered by the statute, he shall be paid the current per diem rate for the type of work he is performing. *Andersen Constr. Co. v. Weltmer,* 224 Kan. 191, 577 P.2d 1197 (1978). We, however, have long recognized and approved the payment of Davis-Bacon wages in order to comply with K.S.A. 44-201. "Davis-Bacon wages are somewhat higher than 'the rate of wage paid in the locality,' computed under K.S.A. 44-201." *Andersen,* 228 Kan. at 76.

In order to establish that a particular individual is an intended beneficiary of the contract, a court must determine whether or not the contract provides to that individual a direct benefit by the terms of the agreement. In determining the intent of the contracting parties as to the rights of a third party beneficiary, the court must apply the general rules for construction of contracts. The contract is to be considered as a whole, not simply from the standpoint of one isolated provision. *Barnhart v. McKinney,* 235 Kan. 511, 682 P.2d 112 (1984). The intention of the parties and the meaning of the contract are to be determined from the instrument itself where the terms are plain and unambiguous. *First Nat'l Bank & Trust Co. v. Lygrisse,* 231 Kan. 595, 647 P.2d 1268 (1982). A contract is ambiguous when the words used to express the meaning and intention of the parties are insufficient in the sense the contract may be understood to reach two or more possible meanings. *Arkansas Louisiana Gas Co. v. State,* 234 Kan. 797, 675 P.2d 369 (1984). Regardless of the construction of a written instrument made by the trial court, on appeal the ap-

pellate court may construe the legal effect of the contract. *Hall v. Mullen,* 234 Kan. 1031, 678 P.2d 169 (1984).

Lower contends that it and Washburn did not contract to use the Davis-Bacon wage scale as a basis for wages, but only intended to comply with the "statutory floor" dictated by 44-201. Addendum No. 1 to the contract, however, specifically states that:

"The 'current rate of per diem wages,' for purposes of this project, shall be defined as and synonymous with the required wages and benefits for each job classification in federal and federally assisted construction projects in Shawnee County, Kansas as determined by the Secretary of Labor of the United States Government, pursuant to the Davis-Bacon Act, (42 U.S.C. 276a *et seq.*), current and effective upon the date of execution of the contract."

Where the provisions of a written contract are clear and unambiguous, there is no occasion for applying rules of construction. A contract must be enforced according to its terms so as to give effect to the intention of the parties, and that must be determined from the four corners of the instrument itself. *Steel v. Eagle,* 207 Kan. 146, 483 P.2d 1063 (1971).

Words will not be read into an agreement which impart an intent wholly unexpressed when the agreement was unexecuted. *Cline v. Angle,* 216 Kan. 328, 532 P.2d 1093 (1975). Here, the contract is clearly unambiguous. Even though this was not a federally funded project, the contract specifically provided that wages were to be based on the published Davis-Bacon wage scales. The district court was correct in finding that the parties to the contract intended to pay workers contract wages based on the Davis-Bacon wage scale and that the workers were third party beneficiaries under the contract.

Lower contends that 44-201 does not provide the plaintiff with a private cause of action to assert a claim for per diem wages.

Generally, the common-law procedure is regarded as the proper remedy where a right is created or a duty is required by statute and no adequate statutory remedy is provided for its enforcement or breach or where the special remedy created by statute is void. 1 Am. Jur. 2d, Actions § 75.

Courts do not require explicit statutory authorization for familiar remedies to enforce statutory obligations. When the legislature has left the matter at large for judicial determination, the

court's function is to decide what remedies are appropriate in light of the statutory language and purpose and the traditional modes by which courts compel performance of legal obligations. If civil liability is appropriate to effectuate the purposes of a statute, courts are not denied this traditional remedy because it is not specifically authorized. *Anderson Cattle Co. v. Kansas Turnpike Authority,* 180 Kan. 749, 308 P.2d 172 (1957). For cases from other jurisdictions see: *Montana-Dakota Co. v. Pub. Serv. Co.,* 341 U.S. 246, 95 L. Ed. 912, 71 S. Ct. 692 (1951); *State ex rel. Phillips v. Wn. Liquor Bd.,* 59 Wash. 2d 565, 369 P.2d 844 (1962); and *Branson v. Branson,* 190 Okla. 347, 123 P.2d 643 (1942).

Here, K.S.A. 44-202 and 44-205 provide fines and imprisonment for violations of 44-201 *et seq.* The statutes, however, provide no civil remedies for those employees damaged by an employer's failure to comply with the statute. Therefore, the employees are able to use whatever common-law remedies are available to them. A worker who claims violation of K.S.A. 44-201 may bring an action for recovery of the underpaid wages. *Ritchie Paving, Inc. v. Kansas Dept. of Transportation,* 232 Kan. at 351-52.

The district court was correct in finding that the workers, as third party beneficiaries, had a private cause of action to assert a claim for wages set by the contract.

Lower claims that the trial court erred in taking judicial notice of pages extracted from the Federal Register and that the Federal Register does not fall within the category of documents set forth at K.S.A. 60-409(b) for which judicial notice may properly be taken.

K.S.A. 60-409(b) provides:

"(b) Judicial notice may be taken without request by a party, of (1) private acts and resolutions of the Congress of the United States and of the legislature of this state, and duly enacted ordinances and duly published regulations of governmental subdivisions or agencies of this state, and (2) the laws of foreign countries and (3) such facts as are so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute, and (4) specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy."

The Federal Administrative Procedure Act requires each federal agency to publish in the Federal Register (1) descriptions of

its organization and the place at which and the methods whereby the public may obtain information, make submittals or requests, or obtain decisions; (2) statements of the general course and method by which its functions are channeled and determined; (3) rules of procedure and descriptions of forms available or the places at which forms may be obtained; (4) substantive rules and statements of general policy; and (5) each amendment, revision, or repeal of the foregoing. 5 U.S.C. § 552 (1982). The Secretary of Labor is required by the Davis-Bacon Act to publish the Davis-Bacon wage scales in the Federal Register.

In *McAfee v. City of Garnett,* 205 Kan. 269, 469 P.2d 295 (1970), we recognized that courts could take judicial notice of Kansas administrative regulations. It is logical that since the Federal Register contains duly published regulations of federal agencies, courts should take judicial notice of federal administrative regulations, including the Davis-Bacon wage scales, as published in the Federal Register.

The trial court properly took judicial notice of the information published in the Federal Register.

Lower argues that the workers failed to prove the work classifications, tasks, or skills which would place them in comparison, for wage purposes, with other workers under the Davis-Bacon Act. Under the Davis-Bacon Act, it is the classification in which the employee works, not the employee's particular qualifications, which determines the applicable wage rates to be paid.

In *Baker v. R. D. Andersen Constr. Co.,* 7 Kan. App. 2d 568, 575, 644 P.2d 1354, *rev. denied* 231 Kan. 799 (1982), the court recognized that the appropriate per diem wage depends on the skill of the employee and the task being performed. Federal wage classification cases have generally held that an individual employee's classification used to determine the prevailing wages for that particular area depends on the type of work performed, not the skill or experience of the employee in performing it. In any given work classification, the ability of individual laborers will vary, as will their training and experience. For example, see *Matter of Lee Roy Corley dba Corley Mechanical Contractor,* [1978-81 Transfer Binder, Wages-Hours] Lab. L. Rep. (CCH) ¶ 31,229 (March 21, 1978). The correctness of a wage classification is based not on skill or experience, but on

the work actually performed. *Matter of Hughes Aircraft Company,* [1978-81 Transfer Binder, Wages-Hours] Lab. L. Rep. (CCH) ¶ 31,316 (August 20, 1979).

At trial, expert witnesses, Lower's supervisory personnel, and the workers presented evidence as to the work actually performed on the contract. Under the circumstances, there was sufficient competent evidence to support the trial court's finding that the workers on the project should be paid according to the various classifications listed in the Davis-Bacon wage scale.

The judgment of the trial court is affirmed.