UNITED STATES of America, Plaintiff–Appellee,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant–Appellant.

National Association of Independent Insurers, Amicus Curiae.

No. 91–3236.

United States Court of Appeals, Tenth Circuit.

April 29, 1992.

Lee Thompson, U.S. Atty., and Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for plaintiff-appellee.

Paul Hasty, Jr. and D'Ambra M. Howard, of Wallace, Saunders, Austin Brown and Enochs, Chartered, Overland Park, Kan., for defendant-appellant.

Michael A. Rouse, of Baker & Sterchi, Overland Park, Kan., and Thomas N. Sterchi and Phillip C. Rouse, of Baker & Sterchi, Kansas City, Mo., filed amicus curiae brief for the National Ass'n of Independent Insurers.

Before EBEL and BARRETT, Circuit Judges, and KANE,* Senior District Judge.

KANE, Senior District Judge.

Defendant appeals from the district court's Memorandum and Order granting Plaintiff's motion for judgment on the pleadings. *See* Fed.R.Civ.P. 12(c).[1] Defen-

dant argues that the district court erred in holding that Plaintiff is a third-party beneficiary under the personal injury protection coverage of an insurance policy issued by Defendant pursuant to the Kansas Automobile Injury Reparations Act, Kan.Stat. Ann. §§ 40–3101 to 40–3121 (no-fault). We affirm.

Plaintiff commenced this action to recover the cost of medical care, $670.00, provided to active duty and retired members of the Air Force and their dependents for injuries caused by accidents arising out of the ownership, operation, maintenance or use of motor vehicles insured by Defendant. Plaintiff maintained it is a third-party beneficiary to the insurance contract.

Defendant filed a motion to dismiss alleging Plaintiff is not a third-party beneficiary entitled to bring a direct action against Defendant for personal injury protection benefits. Defendant also moved to certify the issue to the Kansas Supreme Court. The district court denied both motions and held that Plaintiff is a third-party beneficiary. Thereafter, Defendant filed its answer, and Plaintiff moved for judgment on the pleadings. The district court granted judgment on the pleadings.

On appeal, Defendant continues to argue that Plaintiff, as a provider of medical services, is not a third-party beneficiary to the policy issued by Defendant. In addressing this argument, we must examine Kansas law to determine whether Plaintiff is a third-party beneficiary under the policy. *See United States v. State Farm Mut. Auto. Ins. Co.,* 455 F.2d 789, 790–91 (10th Cir.1972) (Oklahoma law applied to construe policy).

Under Kansas law, to be a third-party beneficiary to a contract, the contract must be made for the third-party's benefit. *Fasse v. Lower Heating & Air Conditioning, Inc.,* 241 Kan. 387, 736 P.2d 930, 932 (1987). Because the third-party beneficiary can enforce the contract if it is entitled to

---

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously

that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

receive benefits from the contract, the intent to benefit the third-party must be clearly expressed in the contract. *Id.; Cornwell v. Jespersen*, 238 Kan. 110, 708 P.2d 515, 520–21 (1985). General rules of contract construction are applied to determine the intent of the contracting parties as to the rights of a third-party. *Cornwell*, 708 P.2d at 521; *see Noller v. GMC Truck & Coach Div., Gen. Motors Corp.*, 244 Kan. 612, 772 P.2d 271, 275 (1989) (intent of parties to benefit third-party is to be determined from instrument where terms are plain and unambiguous). Before reaching the issue of whether a third-party may directly enforce a contract from which it would benefit, the third-party must show the existence of a provision in the contract that operates to its benefit. *Hartford Fire Ins. Co. v. Western Fire Ins. Co.*, 226 Kan. 197, 597 P.2d 622, 632 (1979).

■ Defendant maintains that the policy at issue does not clearly provide for payment of personal injury protection benefits to a service provider such as Plaintiff, because the policy language does not provide for payment to the insured *or* to an organization rendering treatment. *Cf. United States v. State Farm Mut. Auto. Ins. Co.*, 455 F.2d at 790–92 (policy language provided for payment to the insured or to an organization rendering treatment); *United States v. State Farm Mut. Auto. Ins. Co.*, 936 F.2d 206, 210 (5th Cir.1991) (same); *United States v. Government Employees Ins. Co.*, 461 F.2d 58, 59–60 (4th Cir.1972) (same); *United States v. United Servs. Auto. Ass'n*, 431 F.2d 735, 736–37 (5th Cir. 1970) (same), *cert. denied*, 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 440 (1971).

The relevant policy language is as follows:

SECTION I

Personal Injury Protection Coverage

The Company will pay in accordance with the Kansas Automobile Injury Reparations Act personal injury protection benefits, in the amounts specified herein for the Schedule of Benefits printed on the Policy Declarations, for:

(a) medical expenses . . .

incurred with respect to bodily injury sustained by an eligible injured person caused by an accident arising out of the ownership, operation, maintenance or use of a motor vehicle.

.    .    .    .    .

SECTION II

In consideration of the coverage afforded under Section I and the adjustment of applicable rates the following conditions shall apply:

(a) Excess Insurance: Any Medical Payments Coverage afforded under this policy shall be excess insurance over any personal injury protection benefits paid or payable under this or any other automobile insurance policy because of bodily injury sustained by an eligible injured person.

Appellant's App. at 17, 21.

As Defendant admits, the policy language does not specify to whom benefits should be paid. Thus, Defendant argues the policy does not clearly disclose that the intent of the parties was to benefit a third-party. Plaintiff counters that the policy clearly indicates that Defendant will pay all reasonable expenses for medical services that are incurred by the insured, regardless of who requests payment. Plaintiff points to the general provision of the policy which provides that if Defendant makes payment under the "policy and the person to or for whom payment was made" has a right to recover damages, Defendant is subrogated to that right. Appellee's Supp.App., Auto Policy at 10.

Although the policy language does not specifically identify or exclude Plaintiff as a beneficiary, *see also United States v. Allstate Ins. Co.*, 910 F.2d 1281, 1284 (5th Cir.1990) (policy failed to specify payee or contain limiting language as to payee), we agree with Plaintiff that the insurance policy does provide for payment of benefits to persons other than the insured. The general provisions Plaintiff points to, which are applicable to the no-fault provisions of the policy, suggest that Defendant did contemplate payment to persons or organizations other than the insured. If Defendant had wanted to exclude Plaintiff from such pay-

ment, it could have included appropriate exclusionary language.[2] *See Farm Bureau Mut. Ins. Co. v. Old Hickory Casualty Ins. Co.,* 248 Kan. 657, 810 P.2d 283, 286 (1991) (where insurer intends to restrict or limit coverage, it must use clear unambiguous language to do so or contract is construed in favor of insured); *Central Sec. Mut. Ins. Co. v. DePinto,* 235 Kan. 331, 681 P.2d 15, 18 (1984) ("Where an insurer intends to limit or restrict the coverage under its policy, it should use language which clearly reveals its stated purpose."). Accordingly, Plaintiff did meet its burden of proving the policy was intended for its benefit.

Defendant also argues that the policy, in accordance with Kansas no-fault laws, Kan.Stat.Ann. § 40–3102, provides only for first-party coverage. Section 40–3102 provides that the purpose of no-fault "is to provide a means of compensating persons promptly for accidental bodily injury arising out of the ownership, operation, maintenance or use of motor vehicles." This statutory provision does not preclude a holding that Plaintiff is a third-party beneficiary.

Under Kansas law and the policy language, we hold that Plaintiff is a third-party beneficiary to the policy. Because it is a third-party beneficiary under the policy, Plaintiff is entitled to reimbursement for the reasonable medical expenses incurred by the insureds. To hold otherwise would grant Defendant a windfall represented by the portion of the premium the insureds paid for coverage which Defendant effectively contends they did not need. *See United States v. State Farm Mut. Auto. Ins. Co.,* 455 F.2d at 792.

The district court did not err in granting judgment on the pleadings. *See Utah State Univ. of Agric. & Applied Science v. Bear, Stearns & Co.,* 549 F.2d 164, 171 (10th Cir.), *cert. denied,* 434 U.S. 890, 98 S.Ct. 264, 54 L.Ed.2d 176 (1977). Accordingly, the judgment of the United States District Court for the District of Kansas is AFFIRMED. Defendant's Motion to Certi-

fy Question of Law to the Kansas Supreme Court is DENIED.

---

**2.** We assume Defendant knew the insureds were entitled to free medical care from Plaintiff. *See*

*United States v. Government Employees Ins. Co.,* 461 F.2d at 60.