**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MOHAMMED SHAFAYET
HOSSAIN,

      Plaintiff-Appellant,

v.

RAUSCHER PIERCE REFSNES,
INC., doing business as RPR Clearing
Service; REGIONAL OPERATIONS
GROUP, INC.,

      Defendants-Appellees.

No. 00-3291
(D.C. No. 97-1380-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO,** and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mohammad Shafayet Hossain, an investor, appeals from the district court's disposition of his claims against Rauscher Pierce Refsnes, Inc. and Regional Operations Group, Inc., clearing brokers (collectively referred to in this order and judgment as RPR). On Hossain's bailment claim, the district court granted summary judgment in favor of RPR. *See Hossain v. Rauscher Pierce Refsnes, Inc.*, 46 F. Supp. 2d 1164 (D. Kan. 1999). On his third-party beneficiary contract claim, the district court entered a defense verdict after conducting a trial to the court. *See Hossain v. Rauscher Pierce Refsnes, Inc.*, 97 F. Supp. 2d 1237 (D. Kan. 2000). We have reviewed the grant of summary judgment de novo, *Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 745 (10th Cir. 1999), and, concerning the bench trial, we have reviewed the district court's "findings of fact for clear error and the court's conclusions of law *de novo*," *EEOC v. WilTel, Inc.*, 81 F.3d 1508, 1513 (10th Cir. 1996). We affirm.

## BACKGROUND

Beginning in November 1993 and continuing through February 1997, Hossain gave funds to Asif Ameen, a rogue stockbroker employed as a registered representative at Primeline Securities Corporation, a retail broker-dealer in Wichita, Kansas. Ameen never had Hossain complete Primeline's account opening paperwork. As a consequence, Primeline did not carry Hossain's name in

its records and did not send Hossain any account statements, trade confirmations, or income tax forms. [1]

Ameen convinced Hossain that, with an investment placed with Primeline, Ameen could guarantee a fixed monthly return of six to seven percent per month, with an eventual return of the principal. Pursuant to Ameen's instructions, Hossain wrote checks to various entities, which he believed were "ad hoc" companies, or "Primeline compan[ies] for the purpose of trading and purpose of buying a stock." Appellant's Supp. App. at 38-39. For a time, Hossain received the promised return. In reality, Ameen was running a Ponzi scheme at the

---

[1]     The parties' briefs present differing versions of Hossain's relationship with Primeline. Hossain states that he was a Primeline customer, based on a stipulation included in the pretrial order and accepted by the district court in its summary judgment ruling. Relying on trial testimony from Hossain himself and Primeline's president, RPR asserts that Hossain was not a Primeline customer. The court stated that evidence had been presented showing that Hossain "never was a customer in a formal sense." Appellant's Supp. App. at 221-22.

Hossain did not object to the testimony; RPR did not seek to withdraw the stipulation. Accordingly, neither party requested an exercise of the district court's discretion concerning the admission of testimony contrary to the terms of a pretrial stipulation. *See Kirtley v. Sovereign Life Ins. Co.* (*In re Durability, Inc.*), 212 F.3d 551, 556 (10th Cir. 2000) (stating that pretrial orders may be modified at trial only to present manifest injustice); *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1108 (10th Cir. 1998) (requiring consideration of factors such as prejudice or surprise, the ability of the offended party to cure the prejudice, the disruption of an orderly trial, and bad faith or willfulness). Ultimately, the district court's determination did not turn upon Hossain's status as a customer. On appeal, we decline to address an evidentiary issue not raised at trial.

expense of Hossain and other individuals. Ameen paid early investors with funds obtained from subsequent investors.

The involvement of defendant RPR, a clearing broker, arose in September 1995, when it entered into a clearing agreement with Primeline, an introducing broker which takes securities orders from individual customers. [2] Under the terms of the clearing agreement, RPR performed ministerial tasks for Primeline customer accounts, based on information provided by Primeline. RPR maintained a bank account in Wichita, into which Primeline was required to deposit funds it received each business day. RPR would then credit and debit transactions to individual Primeline customer accounts. The agreement also provided that: "[t]he imposition or allocation of any burden or duty on or to one or the other party by this Agreement does not and is not intended to impose or create any burden, right or duty in favor of or for the benefit of any person or entity not a party to this Agreement." Appellant's App. at 26, ¶ 10.8.

From March 1996 to February 1997, Hossain delivered eleven checks on his account to Ameen at Primeline. Based on Ameen's statement that Primeline had a "new alliance and [was] part of a bigger company, b[y] the name of RPR,"

---

[2] "A clearing broker performs back office services such as clearing stock, handling customer funds, holding customer securities, dealing with transfer agents, and matching of trades with the exchanges and market makers for firms that do not have the capacity to perform these functions." *Graham v. SEC*, 222 F.3d 994, 998 n.9 (D.C. Cir. 2000) (quotation omitted).

*id.* at 45-46, Hossain made the checks out to RPR. He signed the checks but left the date and amount lines blank. Ameen completed the checks, writing them out for a total of $151,000, then turning them over to Primeline's cashier for deposit into RPR's bank account. Without Hossain's knowledge or consent, but in accordance with Ameen's representations, the cashier instructed RPR to credit the checks to the account of Primeline customers Nassir Siddiqi and Mohammad Hossaria. The entire balance of the Siddiqi-Hossaria account was later wired to other bank accounts.

Ameen's scheme was discovered in June 1997. He was charged with and convicted of several counts of securities fraud and theft. Primeline became the subject of involuntary bankruptcy and liquidation proceedings initiated by the Securities Investor Protection Corporation. In the aftermath of these events, Hossain instituted this lawsuit against RPR to obtain reimbursement of the $151,000 amount. He now appeals the district court's entry of judgment in favor of RPR.

**DISCUSSION** [3]

**Bailment claim**

Hossain argues that the district court improperly granted RPR's summary judgment motion on his claim that "[t]he delivery of plaintiff's funds to the defendants created a bailment." Appellant's Br. at 8. "A bailment is the delivery of personal property by one person to another for a specific purpose, with an express or implied contract that when the purpose has been fulfilled the property will be returned or accounted for." *West v. Collins*, 840 P.2d 435, 441 (Kan. 1992) (quotation omitted). The relationship of a clearing broker to deposits made by an introducing broker is analogous to that of a bank to deposits made by customers. Under Kansas law, a cash deposit is not generally considered a bailment because "[t]he identical money deposited is not to be returned--only its equivalent; and the money deposited becomes the money of the bank." *Bloomheart v. Foster*, 221 P. 279, 281 (Kan. 1923) (quotation omitted). An ordinary cash deposit, which becomes commingled with the general funds of the financial institution, creates the relation of debtor and creditor, not bailor and bailee. *See id.*

---

[3]     Because the district court's jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332(a)(1), we apply state law to the substantive issues in this appeal. *See Peck v. Horrocks Eng'rs, Inc.*, 106 F.3d 949, 952 (10th Cir. 1997)

Like a typical bank depositor, Hossain had no expectation of a return of the identical property he delivered to Ameen. His intention was to increase his investment and obtain regular returns, not to receive the same property back at a later time. *Cf. Rich v. Touche Ross & Co.*, 415 F. Supp. 95, 99 & n.2 (S.D.N.Y. 1976) (distinguishing between investors' buying shares through a broker and their leaving the purchased certificates in the broker's care: only the latter decision created a bailment).

Further, we note a fundamental factual problem with Hossain's bailment theory. Hossain did not actually make a deposit with Primeline. When Hossain parted with his checks, they were incomplete and nonnegotiable. *See* Kan. Stat. Ann. § 84-3-104(a) (requiring a negotiable instrument to contain "an unconditional promise or order to pay a fixed amount of money"). Funds were transferred only after Ameen stepped in and furthered his fraudulent scheme by filling in the dates and amounts. As the district court found, Ameen was not acting with the scope of his employment, and, in fact, made every effort to hide his activities from Primeline. Appellant's Supp. App. at 224.

Under the circumstances of this case, RPR cannot be held accountable as a bailee of Hossain's personal property. The district court properly determined that no bailment relationship existed between Hossain and RPR and entered summary judgment on this claim.

**Third-party beneficiary contract claim**

Hossain's alternative theory is that he is a third-party beneficiary of the clearing agreement between Primeline and RPR and, as such, he may enforce the terms of the contract. "Contracting parties are presumed to act for themselves and therefore an intent to benefit a third person must be clearly expressed in the contract." *Fasse v. Lower Heating & Air Conditioning, Inc.* 736 P.2d 930, 932 (Kan. 1987). If the parties make promises intended for the direct benefit of a third person, however, that person may maintain an action to enforce the contract. *See Bodine v. Osage County Rural Water Dist.*, 949 P.2d 1104, 1114 (Kan. 1997).

"[T]he right of a third-party beneficiary rests chiefly upon the fact that the contract will create reasonable expectations on his part and will induce him to change his position in reliance." *Noller v. GMC Truck & Coach Div.*, 772 P.2d 271, 275 (Kan. 1989) (quotation omitted). As a matter of Kansas law, Hossain is incorrect in arguing that the concept of reliance is irrelevant to a third-party beneficiary claim. There is no contradiction between requiring a third party's reliance on the terms of the contract but not his "knowledge of the contract *when it was made*," *Cornwell v. Jespersen,*, 708 P.2d 515, 520 (Kan. 1985) (emphasis supplied).

The district court concluded that Hossain's showing at trial had failed to satisfy the Kansas third-party beneficiary requirements. The district court found that Hossain's evidence failed to: (1) show that the contracting parties intended to benefit third parties; (2) contradict the express contractual disclaimer of such an intent; or (3) demonstrate that Hossain knew of and relied on the contract. We find no fault with the district court's determination.

Accordingly, we AFFIRM the judgment of the district court for substantially the same reasons as stated in the district court's orders of April 8, 1999, and May 15, 2000.

Entered for the Court

John C. Porfilio
Circuit Judge